618 S.E.2d 589

**Donald E. DOBBINS, Plaintiff
Below, Appellee**

v.

**Sharon CUNNINGHAM, Defendant
Below, Appellant:**

No. 31946.

Supreme Court of Appeals of
West Virginia.

Submitted Feb. 23, 2005.

Decided July 7, 2005.

James Wilson Douglas, Sutton, WV, for Appellee

Gregory W. Sproles, Breckenridge, Davis & Sproles, Sutton, WV, for Appellant.

## PER CURIAM:

In this case from the Circuit Court of Braxton County, the appellant, Sharon Cunningham, appeals from an order that found the appellant responsible for half of the debt owed on a promissory note that the appellant neither signed nor otherwise ratified; that the appellee, Donald E. Dobbins, was the sole owner of a logging business jointly operated by the appellant and the appellee; and that the appellant owed the appellee $1,000.00 for personal property removed from the parties' residence.

After careful consideration of the record, the briefs and the arguments of the parties, we affirm, in part, and reverse, in part, the circuit court's order, and remand the case for further proceedings.

### I.

In April 1991, appellant Sharon Cunningham and appellee Donald E. Dobbins purchased 83.45 acres of land ("the tract") in Braxton County as "joint tenants with the right of survivorship and not as tenants in common." Appellant and appellee later bought and placed a double-wide mobile home on the property in which they resided.[1]

In December 2001, using their jointly-owned tract of land as collateral, the parties obtained a $65,000.00 loan from the Bank of Gassaway to settle certain outstanding debts. Both parties signed a deed of trust on·the tract of land securing the loan, but only appellee Dobbins signed the promissory note. The parties continued to cohabitate and operated a logging business from their residence on the jointly-owned tract of land.

By February of 2003, the parties' relationship had apparently soured. The appellee filed a partition complaint asserting that the parties' jointly-owned tract of land could not be partitioned in kind, and seeking the sale of the land. The appellant contested the partition action, and asserted a counterclaim contending that any debts relating to the tract of land—that is, the promissory note signed by the appellee but secured by the land—should be paid solely by the appellee, and contending that she owned a half-interest in the logging business.

Upon a motion by the appellee, the circuit court appointed partition commissioners. The commissioners investigated and recommended to the court that the tract of land was not partitionable in kind and assessed the tract's fair market value at $90,000.00. In October of 2003, the commissioners held a public sale and the appellee bought the tract of land and the mobile home for $119,000.00.

On November 21, 2003, the circuit court entered an order confirming the commissioners' report and ordering that the costs and fees associated with the sale, and the parties' outstanding debt on the mobile home, be paid from the sale proceeds. After making these disbursements, approximately $68,000.00 in net sale proceeds remained.[2] The circuit court then conducted a bench trial to generally determine the distribution of the remaining sale proceeds, and to specifically determine whether any of the proceeds should be applied toward the approximately $58,800.00 that remained due on the promissory note debt.

On December 18, 2003, the circuit court entered an order in which the court held that all outstanding debts attached to the tract of land, including the promissory note, were to be paid from the sale proceeds. The circuit court found that, even though ·the appellant had never signed the promissory note, the appellant would be unjustly enriched by the

1. Prior to 1990, Sharon Cunningham and Donald E. Dobbins were married to each other; they divorced in 1990, but continued to cohabitate.

2. On November 21, 2003, the circuit court authorized five partial disbursements from the proceeds in the amount of $186.97 for a publication fee; $200.00 to reimburse an individual for payment of bond; $5,950.00 for special commissioners' fees; $75.00 for preparation of a deed; and $44,500.65 to settle the debt owed on the parties' double-wide mobile home. After making these five partial disbursements, $68,087.38 remained as the proceeds from the sale.

benefits she received from the loan if she did not have to pay half of the outstanding balance due on the promissory note. After payment of the note, the circuit court permitted the parties to split the remaining balance equally. Furthermore, the circuit court found that the appellee was the sole owner of the logging business that was operated from the tract of land by the parties, and ordered the appellant to pay the appellee $1,000.00 for certain personal property that she removed from the parties' mobile home.

The appellant filed a motion and an amended motion asking the circuit court to set aside its December 18, 2003 order, or, in the alternative, to grant a new trial. By an order dated March 22, 2004, the circuit court denied the appellant any relief. The appellant now appeals from this order.

## II.

■ "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First National Bank of Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

The equities of this case weigh in the appellant's favor. Prior to the partition action, the appellant had a home, a half-interest in an 83.45 acre tract of land, and believed that she had a half-interest in a successful logging business. Now, the appellant stands homeless, landless, and without a steady source of income. These circumstances suggest that the appellant was not unjustly enriched as reasoned by the circuit court.

■ More importantly, under *W.Va.Code*, 46-3-401 [1993], a negotiable instrument such as a promissory note is binding only upon a person who signs the instrument. *W.Va.Code*, 46-3-401 [1993] states that:

(a) A person is not liable on an instrument unless (i) the person signed the instrument

or (ii) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under section 3-402.

We find the language of *W.Va.Code*, 46-3-401 to be clear and unambiguous: The general rule under *W.Va.Code*, 46-3-401 is that no person is liable on an instrument unless his signature appears thereon. *See Miller v. Diversified Loan Service Co.*, 181 W.Va. 320, 324, 382 S.E.2d 514, 518 (1989) ("W.Va.Code, 46-3-401(1), expressly provides that '[n]o person is liable on an instrument unless his signature appears thereon.' If, therefore, the Millers successfully prove that their signatures are not authentic, neither the note nor the trust deed may be enforced."); *Tri-State Bank & Trust v. Moore*, 609 So.2d 1091 (La.App.1992); *Ness v. Greater Arizona Realty, Inc.*, 21 Ariz.App. 231, 517 P.2d 1278 (1974); Syllabus Point 4, *Ritchie County Bank v. Bee*, 62 W.Va. 457, 59 S.E. 181 (1907) ("Mere silence by one whose name is purported to be signed to a note, but who has in fact never signed the same, after receiving notice of protest thereof, will not amount to ratification.").

■ In the instant case, the appellant did not sign the promissory note in question and did not agree to be responsible for the $65,000.00 loan secured by the note. The circuit court nevertheless found that the appellant could be held "personally liable on the [promissory] note ... even though [she] did not sign the negotiable instrument given to evidence the debt." Because the appellant did not sign the promissory note, we find that the circuit court erred as a matter of law in holding the appellant responsible for any of the debt owed on the promissory note.

■ Prior to the filing of this partition action, the appellant and appellee jointly owned the tract of land subject to a deed of trust. Now, the appellee is the sole owner of the tract of land subject to the same deed of trust. The bank—which is not a party to this case and had not declared the promissory note to be in default—continues as before and its interest in securing the loan with the tract of land continues to be preserved.

The appellant, therefore, is entitled to half of the proceeds from the partition sale that remain after the administrative fees, costs, original partial disbursements, and other debts of the parties have been paid, excluding payment of the promissory note. The circuit court's order holding otherwise is reversed.

The appellant raises two additional points of error. In its December 18, 2003 order, the circuit court held that the appellee solely owned the logging business and denied the appellant's counterclaim seeking a half-interest in the business. The circuit court further found that the appellant owed the appellee $1,000.00 for personal property that the appellant removed from the mobile home prior to the partition sale. After examining the record presented on appeal, we cannot say that the circuit court abused its discretion in making these determinations, and affirm the circuit court's order on these two points.

### III.

We remand this matter to the circuit court for further proceedings in accordance with this decision.

Affirmed, in part, Reversed, in part, and Remanded.