686 S.E.2d 725

Lois ARNOLD, Plaintiff Below, Appellee,

v.

David G. PALMER, Trustee; Christina J. Palmer, Trustee; Advantage Bank, an Ohio Corporation; and Jeffrey Scott Arnold, Executor of the Last Will and Testament of Jeffrey A. Arnold, Deceased, Defendants Below,

Advantage Bank, Third–Party Plaintiff Below, Appellant,

v.

Jeffrey Scott Arnold, Individually; Samantha Nicole Foggin; Melissa Ann Dailey; and Kelli Beth Arnold; Beneficiaries of the Estate of Jeffrey A. Arnold, Deceased, Third–Party Defendants Below, Appellees.

No. 34738.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 2009.

Decided Oct. 29, 2009.

William Crichton V, William Crichton VI, Crichton and Crichton, Parkersburg, WV, for the Appellant, Advantage Bank.

Robert L. Bays, Paul L. Hicks, Bowles Rice McDavid Graff & Love, Parkersburg, WV, for the Appellee, Jeffrey Scott Arnold, Executor of the Last Will and Testament of Jeffrey A. Arnold, Deceased.

Richard A. Hayhurst, Parkersburg, WV, for the Appellee, Lois Arnold.

David Allen Barnette, Charles D. Dunbar, Jackson Kelly PLLC, Charleston, WV, for Amici Curiae, West Virginia Bankers Association, Inc., and the West Virginia Association of Community Bankers, Inc.

DAVIS, Justice:

This is an appeal by the defendant/third-party plaintiff below and appellant herein, Advantage Bank (hereinafter referred to as "Advantage"), from an August 18, 2008, order of the Circuit Court of Wood County. By that order, the circuit court denied Advantage's trustee from foreclosing on the home of the plaintiff below and appellee herein, Lois Arnold, (hereinafter referred to as "Mrs. Arnold"), which order effectively prevented Advantage from enforcing a deed of trust. In this appeal, Advantage asserts that it had a proper right to foreclose on the subject property and that the circuit court erred in denying it such right. Upon review of the parties' arguments,[1] the pertinent authorities, and the record designated for appellate consideration, we find that the circuit court erred by enjoining Advantage's right to foreclose on the subject property under the deed of trust. Accordingly, we reverse the decision of the circuit court.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Factually, this is a straightforward case, which began with the filing of Mrs. Arnold's action for injunctive relief against three defendants: Advantage, Advantage's trustees,[2] and the executor of her late husband's estate.[3] In her claim for injunctive relief, Mrs.

1. We wish to acknowledge the contribution of the following amici curiae who filed a joint brief in support of Advantage Bank: West Virginia Bankers Association, Inc., and The West Virginia Association of Community Bankers, Inc. We value their participation in this case and will consider their briefs in conjunction with the parties' arguments.

2. The original deed of trust was entered into between Mrs. Arnold and her husband and Debora K. Martin Lee, Trustee. Subsequent thereto, on October 9, 2007, David G. Palmer and Christina J. Palmer were substituted as trustees. David Palmer and Christina Palmer were named

defendants in the underlying case but have no separate interests asserted before this Court.

3. Jeffrey Scott Arnold, defendant/third-party defendant below and appellee herein, is the executor of the last will and testament of Jeffrey A. Arnold, deceased. Jeffrey Scott Arnold represents the interests of his father's estate before this Court. Subsumed within the arguments set forth by the estate are the interests of the remaining third-party defendants below and appellees herein: Samantha Nicole Foggin, Melissa Ann Dailey, and Kelli Beth Arnold, beneficiaries of the estate of Jeffrey A. Arnold, deceased. Collec-

Arnold sought an order restraining foreclosure on her residence and enjoining the defendants below from enforcing any putative lien of the deed of trust. She further requested that her husband's estate be compelled to satisfy any remaining obligations under the deed of trust.

The record reveals that Mrs. Arnold and her late husband were married for approximately twenty years prior to his death. Before Mr. Arnold's death, he and Mrs. Arnold had owned the residence at issue before this Court, which was located in Wood County, West Virginia, for approximately five years. By deed dated November, 3, 1998, Mr. and Mrs. Arnold conveyed the subject property to themselves as joint tenants with rights of survivorship.

Thereafter, on November 3, 2002, Mrs. Arnold's husband executed a promissory note in the original principal sum of $128,000.00. It is undisputed that the note was executed by only Mrs. Arnold's husband. Mrs. Arnold did not sign the promissory note. Subsequently, on November 5, 2002, both Mrs. Arnold and her husband executed a deed of trust in favor of Advantage's trustee. Both Mrs. Arnold and her husband signed the deed of trust, which secured the real property at issue that was used as the collateral for the repayment of the executed promissory note.

Mrs. Arnold's husband died testate on January 20, 2007, at which time, the property title immediately vested in Mrs. Arnold based on her status as a joint tenant with right of survivorship. Prior to his death, Mrs. Arnold's husband had executed a last will and testament, wherein he directed the executor of his estate to pay his debts. In the course of the administration of the estate, the estate was referred to a fiduciary commissioner. The commissioner published notice to the estate's creditors, establishing June 9, 2007, as the last date upon which any claims for payment of any debts could be filed against the estate. Advantage did not file any claims for debt repayment against the estate.[4]

The loan came to be in default,[5] and Advantage Bank directed the trustees to foreclose on the subject deed of trust. Mrs. Arnold, on November 13, 2007, filed an action for injunctive relief in the circuit court asking for Advantage to be enjoined from any foreclosure activities because "[w]hen, as here, the creditor is estopped from enforcing the obligation secured by a promissory note, it is likewise precluded by operation of law from enforcing the lien of the deed of trust." Advantage filed an answer and counterclaim to Mrs. Arnold's complaint for injunctive relief, and also filed a third-party complaint against the estate and its beneficiaries requesting a distribution from the proceeds of the estate or, if the disbursements had been made to the beneficiaries, requesting a pro rata amount from the distributees. Advantage then filed its motion for summary judgment seeking affirmation of its right to foreclose.[6]

On August 18, 2008, the circuit court entered an order denying Advantage's motion for summary judgment. In that order, the lower court found that "in this case[,] . . . there is both a promissory note and a deed of trust. While both [Mrs. Arnold] and the

---

tively, these interests will be referred to as those of the "estate."

4. By letter dated April 13, 2007, Mrs. Arnold, through counsel, notified Advantage that she would not be making payments of the loan and that Advantage should file a proof of claim with the estate. Subsequent thereto, Mrs. Arnold, through counsel, on May 7, 2007, wrote a second letter to Advantage reemphasizing her position that the mortgage loan was an obligation of the estate and, further, that the collateral home was not a probate asset that could be used to satisfy the debts of the estate.

5. Mrs. Arnold alleges that the estate was responsible for paying the debt associated with the promissory loan; thus, she maintains that the estate defaulted on the loan. Conversely, the estate asserts that it could not have defaulted on the loan because it was not its debt to repay due to Advantage's failure to file a notice of claim with the fiduciary commissioner. The estate further explains that it never paid any of the loan nor could it have done so because the estate was not liquid and the priority of payments to creditors would have placed Advantage in such a place on the list that it would not have received any disbursements from the estate.

6. Advantage and its trustees voluntarily stayed all foreclosure activities pending resolution of the case.

decedent, Jeffrey A. Arnold, were signatories to the Deed of Trust, only the decedent signed the Note." The lower court further found that "[Mrs. Arnold] is not liable on the Note, or the underlying debt secured by the Deed of Trust." It was further explained that "[i]t is clear that [Mrs. Arnold] did not sign the Note (or instrument) in this case and, thus, is not liable on the Note, meaning [Mrs. Arnold] is not personally obligated to pay the sums due thereunder." Relying on the language of the deed of trust, the lower court reasoned that Advantage could not foreclose on the property because

> "[i]n a suit to enforce a lien securing a negotiable note, the same defenses are generally available as would be in a suit on the note itself." *Syl. Pt. 3, Miller v. Diversified Loan Service Company,* [181 W.Va. 320] 382 S.E.2d 514 (1989). In this case, it appears that [Mrs. Arnold] would have a defense to the Note in that she is not liable for the debt of the Note ... As such, it follows that [Mrs. Arnold] has a defense to the Deed of Trust securing the Note.

The lower court concluded that

> it appears that a creditor's rights against a joint tenant rise no higher than the joint tenant's rights and interest, and that when a joint tenant dies survived by a joint tenant, his/her rights in the property cease to exist along with any claim a creditor has to the property.... Therefore, the decedent's estate has no rights or interests in the property at issue and, thereby, Advantage Bank does not have any rights or interests in the property.

(internal citation omitted). It is from this order that Advantage appeals to this Court.

## II.

## STANDARD OF REVIEW

As stated by Advantage, the circuit court entered an order denying its motion for summary judgment. It is from this order that Advantage seeks redress. It is generally held that "[t]he entry of an order denying a motion for summary judgment made at the close of the pleadings and before trial is merely interlocutory and not then appealable to this Court." Syllabus, *Wilfong v. Wilfong,* 156 W.Va. 754, 197 S.E.2d 96 (1973). However, the effect of the August 18, 2008, order denying summary judgment to Advantage was that, in actuality, it granted summary judgment to Mrs. Arnold. None of the parties dispute the fact that the order implicitly granted summary judgment to the appellee. Further, we have reviewed the order and concluded it does, in fact, grant summary judgment to Mrs. Arnold based on its effect. *See* Syl. pt. 4, *Employers' Liab. Assurance Corp. v. Hartford Accident & Indem. Co.,* 151 W.Va. 1062, 158 S.E.2d 212 (1967) ("As the purpose of the summary judgment proceeding is to expedite the disposition of the case a summary judgment may be rendered against the party moving for judgment and in favor of the opposing party even though such party has made no motion for judgment."). Stated otherwise,

> Upon a hearing on a motion of one of the parties for summary judgment, after due notice, when it is found that there is no genuine issue as to any material fact and that the adverse party is entitled to judgment as a matter of law, the failure of such party to file a motion for summary judgment does not preclude the entry of such judgment in his favor.

Syl. pt. 5, *id.*

Therefore, the circuit court effectively granted summary judgment in favor of Mrs. Arnold. In this regard, it has long been held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). In undertaking our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court:

> " 'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992).

Syl. pt. 2, *Painter*, 192 W.Va. 189, 451 S.E.2d 755. Moreover,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. pt. 4, *Painter, id.* We are also cognizant that "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." Syl. pt. 3, *Painter, id.* Mindful of these applicable standards, we now consider the substantive issues raised herein.

7. This Court notes that the parties, with the exception of the amici curiae, present arguments regarding the interpretation of statutory sections involving the presentation of creditors' claims against the estate of a decedent and the applicable time periods involved. *See* W.Va.Code §§ 44-2-26 through 44-2-28. However, discussion of these statutory sections is not needed for the disposition of this case and would only serve to confuse the issue before this Court. The relevancy of these code sections is dependent on Advantage's attempt to execute through Mrs. Arnold's husband's estate on the promissory note or on the deed of trust. However, Advantage chose to enforce the deed of trust through Mrs. Arnold. Because we determine that Advantage has the right to execute on the deed of trust through another avenue, *i.e.*, Mrs. Arnold herself, and further, that execution on the deed of trust is separate and distinct from enforcement of the promissory note, this Court does not need to address the statutory sections as they do not apply to Advantage's right to execute on a deed of trust through Mrs. Arnold, one of the living signatories thereto.

8. In its argument, Advantage contends that the circuit court's decision will force lenders to require both joint tenants to assume personal liability on the debt when one spouse seeks credit secured by their jointly held property. Advantage argues that such practice is explicitly barred by federal banking regulation 12 C.F.R § 202.7 (2003), which specifically addresses the requirement of signatures of spouses on credit instruments. The federal regulation is also the crux of the arguments set forth by the amici, who assert that the lower court's ruling conflicts with federal law in that it would require a spousal signature on a note secured by a deed of trust. The amici urge this Court to address the issue and create new law on the same that would be applied prospectively.

## III.

## DISCUSSION

■ On appeal to this Court, Advantage Bank argues that the circuit court erroneously denied its motion for summary judgment. Advantage sets forth that the order wrongfully precluded foreclosure on the deed of trust. Advantage contends that the lower court's rulings are in conflict with W.Va.Code § 44-2-28 (1957) (Repl. Vol. 2004),[7] the jurisprudence of real property law as it exists in West Virginia, and the plain language of the deed of trust. Further, Advantage asserts that the effect of the circuit court's order would be in contravention of federal banking regulations.[8]

However, as pointed out by both Mrs. Arnold and the estate in their response briefs to this Court, the issue of the federal regulations was not raised in the proceedings before the circuit court. We agree with this conclusion. The issue was raised for the first time in Advantage's appeal brief to this Court and was further discussed in the brief filed by the amici curiae before this Court. We have previously articulated that "[i]t must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). *See also Powderidge Unit Owners Ass'n v. Highland Props., Ltd.*, 196 W.Va. 692, 700, 474 S.E.2d 872, 880 (1996) ("Although our review of the record from a summary judgment proceeding is *de novo*, this Court[,] for obvious reasons, will not consider evidence or arguments that were not presented to the circuit court for its consideration in ruling on the motion. To be clear, our review is limited to the record as it stood before the circuit court at the time of its ruling."). Stated otherwise, "the Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review." Syl. pt. 2, in part, *Trent v. Cook*, 198 W.Va. 601, 482 S.E.2d 218 (1996) (citations omitted). *See also* Syl. pt. 3, in part, *Voelker v. Frederick Bus. Props. Co.*, 195 W.Va. 246, 465 S.E.2d 246 (1995) ("In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." (citations omitted)). The issue of the application of the federal banking regulations is not properly before this Court because it was not raised below. Moreover, the issue is irrelevant and inap-

Conversely, Mrs. Arnold argues that the circuit court was correct in issuing her injunctive relief through the effective granting of summary judgment in her favor. She contends that Advantage Bank's recourse was through the estate of her deceased husband. However, Advantage failed to file a proof of claim against her deceased husband's estate, and Mrs. Arnold argues that Advantage is, therefore, now barred from making any claims. The estate also appears before this Court and posits that the lower court's rulings were correct because Advantage failed to make a claim against the estate even after the estate put the bank on notice of its deadline in which to make any claims.

The lower court correctly found that "in this case[,] . . . there is both a promissory note and a deed of trust." Both Mrs. Arnold and her husband signed the deed of trust, while only Mrs. Arnold's husband signed the promissory note. The lower court found that "[Mrs. Arnold] is not liable on the Note, or the underlying debt secured by the Deed of Trust." The circuit court erred in this regard when it combined the legal effects of the two documents.

 A "promissory note" is "[a]n unconditional written promise, signed by the maker, to pay absolutely and in any event a certain sum of money either to, or to the order of, the bearer or a designated person." Black's Law Dictionary 1162 (9th ed. 2004). As previously found by this Court,

> [A] promissory note, signed by the maker, containing an unconditional promise to pay

a sum certain in money and payable on demand or a fixed or determinable future time, to order or bearer, is negotiable in its origin, and continues to be negotiable until it has been restrictively indorsed or discharged by payment or otherwise.

Syl. pt. 1, in part, *Maryland Trust Co. v. Gregory*, 129 W.Va. 35, 38 S.E.2d 359 (1946). A promissory note is known as a negotiable instrument,[9] enforcement of which is governed by the Uniform Commercial Code. Such enforcement is illustrated by W.Va. Code § 46-3-401 (1993) (Repl. Vol. 2007), which states in relevant part that "(a) A person is not liable on an instrument unless (i) the person signed the instrument or (ii) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under section 3-402 [§ 46-3-402]." Mrs. Arnold did not sign the promissory note, and there is no argument that an agent or representative of Mrs. Arnold signed the promissory note. Thus, Mrs. Arnold is not liable on the promissory note.

 However, a "deed of trust" is defined as "[a] deed conveying title to real property to a trustee as security until the grantor repays the loan. This type of deed resembles a mortgage." Black's Law Dictionary 476 (9th ed. 2004).[10] Significantly, in *Minor v. Pursglove Coal Mining Co.*, 118 W.Va. 170, 176, 189 S.E. 297, 299 (1936), this Court also recognized that "[t]he trust creditor has no estate in, or right of possession to, the trust property by virtue of the deed of trust. He has merely a chose in action se-

---

plicable to the disposition of the present case before this Court.

**9.** A "negotiable instrument" is "[a] written instrument that (1) is signed by the maker or drawer, (2) includes an unconditional promise or order to pay a specified sum of money, (3) is payable on demand or at a definite time, and (4) is payable to order or to bearer. . . . Among the various types of negotiable instruments are . . . promissory notes[.]" Black's Law Dictionary 1136 (9th ed. 2004).

**10.** Further explaining this difference, this Court has stated as follows:

> While the deed of trust, and not the mortgage, is the instrument used in West Virginia to secure the payment of a debt, this Court has

stated that "a deed of trust is in effect a mortgage, the primary difference being the manner in which it is foreclosed." *Firstbank Shinnston v. West Virginia Insurance Co.*, 185 W.Va. 754, 758, 408 S.E.2d 777, 781 (1991) (*citing Rock v. Mathews*, 35 W.Va. 531, 536, 14 S.E. 137, 139 (1891)). *See also Villers v. Wilson*, 172 W.Va. 111, 115 n. 4, 304 S.E.2d 16, 19 n. 4 (1983). In the event there is a default in payment of a debt secured by a deed of trust, the holder thereof need not apply to a court to foreclose it, as the holder of a mortgage would. Instead, the property merely becomes liable to sale under the power of sale conferred upon the trustee. *W. Va.Code*, 38-1-3 [1923]; 13A M.J., *Mortgages and Deeds of Trust*, §§ 4, 7 (1991).
*Young v. Sodaro*, 193 W.Va. 304, 307 n. 7, 456 S.E.2d 31, 34 n. 7 (1995).

cured by the trust, which may be enforced only by sale of the property." In *Citizens' National Bank of Connellsville v. Harrison–Doddridge Coal & Coke Co.*, 89 W.Va. 659, 665, 109 S.E. 892, 894 (1921), this Court stated that "[i]n case of default in payment of a debt secured by a deed of trust, no change occurs in the title. The property merely becomes liable to sale under the power of sale conferred upon the trustee." Stated otherwise,

> [a] deed of trust in the nature of a mortgage, is a conveyance in trust by way of security, subject to a condition of defeasance, or redeemable at any time before the sale of the property. A deed conveying land to a trustee as mere collateral security for the payment of a debt when due, and with power to the trustee to sell the land and pay the debt, in case of default on the part of the debtor, is a deed of trust in the nature of a mortgage.

*Sandusky v. Faris*, 49 W.Va. 150, 174, 38 S.E. 563, 573 (1901).

■ Accordingly, we now hold that a "deed of trust" is a deed that conveys title to real property in trust as security until the grantor repays the loan. In the case of default of a debt secured by a deed of trust, the property becomes liable to sale under the power of sale conferred upon the trustee. Further, in view of the foregoing, we hold that a lending institution may require the trustee of a valid deed of trust to initiate foreclosure proceedings on the property subject to the deed of trust, even though one of the signatories to the deed of trust did not sign the underlying promissory note.

The circuit court's decision that the deed of trust cannot be enforced against Mrs. Arnold since she was not a signatory on the promissory note ignores the fact that these are two separate legal documents, each with its own unique purpose. While it is true that Advantage cannot enforce the terms of the promissory note against Mrs. Arnold as a nonsignatory, the same rationale does not apply to the deed of trust because Mrs. Arnold was, in fact, a signatory of the deed of trust. Moreover, in the underlying proceedings, Advantage was seeking enforcement of the deed of trust, not the promissory note; therefore,

the terms of the deed of trust must guide the analysis. No party argues that the deed of trust is invalid; thus, this Court will look to the terms of the deed of trust to determine its effect on the case sub judice.

■ At the outset, we note that "[d]eeds of trust are subject to the principles of interpretation and construction that govern contracts generally." *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544, 552 (2003). *Accord Cache Nat'l Bank v. Lusher*, 882 P.2d 952 (Colo.1994); *Starcrest Trust v. Berry*, 926 S.W.2d 343 (Tex.App.1996). The general rule is that " '[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent.' Syl. pt. 1, *Cotiga Development Company v. United Fuel Gas Company*, 147 W.Va. 484, 128 S.E.2d 626 (1963)." Syl. pt. 1, *Sally–Mike Properties v. Yokum*, 175 W.Va. 296, 332 S.E.2d 597 (1985). "In the construction of a deed or other legal instrument, the function of a court is to ascertain the intent of the parties as expressed in the language used by them." *Davis v. Hardman*, 148 W.Va. 82, 89, 133 S.E.2d 77, 81 (1963) (internal citations omitted). Further guidance is provided in the principle that

> "[i]n construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith." Pt. 1, syllabus, *Maddy v. Maddy*, 87 W.Va. 581[, 105 S.E. 803 (1921)].

Syl. pt. 5, *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961). *But cf.* Syl. pt. 9, *Paxton v. Benedum–Trees Oil Co.*, 80 W.Va. 187, 94 S.E. 472 (1917) ("Extrinsic evidence will not be admitted to explain or alter the terms of a written contract which is clear and unambiguous.").

The relevant wording of the deed of trust sets forth that Mrs. Arnold signed the document as a guarantor of the deed of trust and states, in relevant part, as follows:

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forebear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent.

The wording of the deed of trust is clear that under subsection (a) Mrs. Arnold is mortgaging or conveying only her interest in the property that is in this agreement (i.e. the home) and is not, under subsection (b) personally obligated to pay the sums owing under the promissory note. By contrast, the promissory note would allow the bank to collect by way of any assets of the signatories of the note up to the value of the promissory note. Mrs. Arnold is correct that this promissory note cannot be enforced against her. However, the deed of trust was signed by Mrs. Arnold, acknowledging that the residence owned by her and her husband was used as collateral for the promissory note. Mrs. Arnold's signature on the same illustrated her understanding that her home, which she held as a joint tenant with right of survivorship, was used for collateral. Thus, the deed of trust allows the bank to foreclose on the home under the deed of trust, without any need to resort to the promissory note. The fact Mrs. Arnold did not sign the promissory note is irrelevant because it is not the document being enforced in this case.

The circuit court, in rendering the underlying decision, relied on this Court's case of *Dobbins v. Cunningham*, 217 W.Va. 580, 618 S.E.2d 589 (2005) (per curiam). In its reliance, the circuit court reasoned that the *Dobbins* case was factually similar to the current case because it involved two parties who owned land as joint tenants with the right of survivorship. In that case, this Court held that the circuit court erred in finding the appellant responsible for any of the debt owed on a promissory note that she had not signed. In that regard, its application and holding are consistent with the current case before this Court. However, that is where the similarities and application of the *Dobbins* case must cease. The *Dobbins* case involved two people who owned land with rights of survivorship, a deed of trust signed by two parties, and a promissory note signed by only one party. No foreclosure had been instituted in the *Dobbins* case, and the bank holding the promissory note was not involved in the case as no default had been declared. Rather, the issue in *Dobbins* was one of two people involved in a separation and the proper distribution of property and debts, one of which included a motion to partition the jointly-owned land and the payment of a promissory note. In that regard, the case is not assistive in the decision of the current case.

The circuit court further relied on this Court's recitation that "[i]n a suit to enforce a lien securing a negotiable note, the same defenses are generally available as would be in a suit on the note itself." Syl. pt. 3, *Miller v. Diversified Loan Service Co.*, 181 W.Va. 320, 382 S.E.2d 514 (1989). The lower court found that "[i]n this case, it appears that [Mrs. Arnold] would have a defense to the Note in that she is not liable for the debt of the Note ... As such, it follows that [Mrs. Arnold] has a defense to the Deed of Trust securing the Note."

However, an examination of the facts of the *Miller* case shows that it is inapplicable to the present case. At issue in *Miller* were two deeds of trusts used by two different homeowners to secure two different notes for home improvement work. The notes were transferred by the contractors to a bank who eventually filed for bankruptcy. Prior to the bankruptcy, the two homeowners became dissatisfied with the workmanship of the contractors on their homes. One homeowner instituted a suit for damages, and the other homeowner ceased payments on the note. During the pendency of the bankruptcy, the notes were purchased by Diversified Loan

 

Service Company, who then began to demand payments on the notes. When payments were not received, Diversified then instructed its trustee to initiate foreclosure. The two homeowners then filed suits to enjoin the foreclosure sales. The case involved the issue of whether Diversified qualified as a holder in due course of the notes in relation to the problems of which the bankrupt bank was aware with respect to the workmanship on the homes. There were also allegations that some of the signatures were forgeries and that others were obtained by fraud. In that vein, the *Miller* court recognized that "[i]n a suit to enforce a lien securing a negotiable note, the same defenses are generally available as would be in a suit on the note itself." Syl. pt. 3, *Miller*, 181 W.Va. 320, 382 S.E.2d 514. Thus, it is clear that the *Miller* court was referring to defenses to the validity of the note itself, not to the ability to enforce a deed of trust that secures the interest obtained in a valid promissory note. In the present case, there are no such defenses to the validity of the promissory note.

The distinction not appreciated by the court below is that the bank is not seeking to enforce the promissory note. Rather, it is seeking to enforce the deed of trust, a document to which Mrs. Arnold was a signatory. The bank is therefore allowed to foreclose on this property, and Mrs. Arnold is liable to the bank for the fair market value of the home. She is not liable for the amount of the promissory note as she was not a signatory on that document. Moreover, because she did not sign the promissory note, all of her other assets are protected from any attempts at collection. The only asset of Mrs. Arnold's that is at risk under the deed of trust is the home; therefore, the bank can foreclose on this asset as needed to redeem the deed of trust. Accordingly, the lower court's order is reversed because Advantage has the right to foreclose on the home under the execution of the deed of trust, a document to which Mrs. Arnold was a party.

## IV.

## CONCLUSION

For the foregoing reasons, the August 18, 2008, order by the Circuit Court of Wood County, enjoining Advantage Bank from executing the deed of trust is hereby reversed.

Reversed.