## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James and Katheryn Broderick,**
**Defendants Below, Petitioners**

**vs) No. 12-1087** (Preston County 11-C-142)

**Big Bear Lake Property Owners Association, Inc.,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioners James and Katheryn Broderick, by counsel Edward R. Kohout, appeal the Circuit Court of Preston County's order granting summary judgment to respondent. Respondent Big Bear Lake Property Owners Association, Inc., by counsel Mark E. Gaydos, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners bought a lot in Big Bear Camplands in 1972 and bought an adjoining lot in 1992. When they bought the original lot, they claim they were told by the owner that they could build anything within reason on their lot. In 1972, Big Bear Lake Camplands established the Declaration of Restrictions and Covenants specifically providing that lots shall only be used for recreational vehicular purposes and that no permanent structures may be constructed on any lot, with the exception of a storage unit not to exceed a specified size, which shall be susceptible of removal and shall be of good appearance. The declaration reserved the right to make regulations pertaining to permissible structures and regulations for the use of common recreational facilities and areas. Regulations governing permissible structures were promulgated by respondent and became effective on August 2, 1984. In 1988, building codes were enacted based on the authority of the restrictive covenants. Respondent's board of directors assumed the duties of enforcing the regulations on August 1, 2001.

In 2010, petitioners applied for and were granted a permit by Big Bear to build a roof and supporting structure for their camper. The cost of construction was approximately $24,000. Although the timeframe is disputed, at some point either during or upon completion of construction, the Big Bear Board of Directors informed petitioners that the structure did not comply with the building code and ordered that they either tear down the structure or make changes to the same. When petitioners refused, respondent filed an action for injunctive relief

1

seeking compliance with the regulations and declaration. The circuit court granted summary judgment to respondent and ordered that petitioners take all steps necessary to comply with such regulations and declaration within thirty days. Petitioners appeal that decision.

"'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 4, *Arnold v. Palmer*, 224 W.Va. 495, 686 S.E.2d 725 (2009).

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). Moreover, "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2502] at 2512, 91 L.Ed.2d [202] at 214 [1986]." *Williams*, 194 W.Va. at 60, 459 S.E.2d at 337.

On appeal, petitioners assert a single assignment of error: Because the question whether petitioners' structure amounts to a violation of the letter and spirit of respondent's building codes and restrictive covenants is a question of fact for the jury, the circuit court erred in granting summary judgment. Petitioners contend that while the complaint should never have been filed, genuine issues of material fact exist as to whether the structure truly deviates from the building codes and whether respondent waived the enforcement of the building codes with respect to petitioners by approving their building plan and allowing the structure to be built. They also argue that the structure must be looked at to determine whether it enhances or detracts from the overall look, appearance, and recreational essence of the campground. Petitioners also point out that the building codes at issue were enacted in 1984, years after they bought their original lot in 1972.

Respondent argues that the campground regulations contain certain restrictions to ensure compliance with the prohibition of permanent structures contained in the declaration and to help ensure and preserve the natural quality and aesthetic appearance of the subdivision. Respondent asserts that petitioners built a permanent garage totally encapsulating their recreational vehicle in direct contravention of the declaration and regulations. It also contends that petitioners presented no evidence that the nonconforming structure complied with the same, so summary judgment was appropriately granted. Respondents argue that in order to comply with the declaration, regulations, and building permit granted to petitioners, petitioners need to remove portions of the wood and/or siding and replace the same with screens. The record includes letters from respondent to petitioners identifying the portions of the enclosure that need to be removed in order to bring the structure into compliance with the declaration and regulations.

In granting summary judgment to respondent, the circuit court set forth findings of fact and conclusions of law, including the following: respondent did not approve petitioners' violations of the declaration and regulations, petitioners' argument that the declaration has been abandoned or waived fails as a matter of law, petitioners' violative structure is not entitled to "grandfathered" status, and respondent has the power and authority to enforce the declaration and regulations. Throughout its order, the circuit court found that there was no genuine issue of material fact as to these issues.

Based upon our review of the facts of this matter and the record before this Court, we find that respondent presented a properly supported motion for summary judgment and petitioners failed to produce more than a scintilla of evidence sufficient for a jury to find in their favor. Petitioners argue that the structure they built does not detract from the look of the campground; this does not create a genuine issue of material fact as to the structure's compliance with the regulations and declaration in place. In addition, there is no dispute that the applicable regulations and declaration were in place prior to petitioners' construction of the structure at issue. Thus, the circuit court properly awarded summary judgment to respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II