STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

Ernest F. Jack,
Plaintiff Below, Petitioner

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-1420 (Brooke County 11-C-76)

The City of Wellsburg,
Defendant Below, Respondent

MEMORANDUM DECISION

Petitioner Ernest F. Jack, by counsel Patrick S. Cassidy, appeals the order from the Circuit Court of Brooke County granting summary judgment to respondent. The City of Wellsburg, by counsel Roberta F. Green and Heather B. Osborn, filed its response to which petitioner filed his reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner worked for the City of Wellsburg from 1979 until 2009 when he was discharged from his position by then-mayor and acting city manager Wayne Campbell. The letter from Campbell to petitioner stated that on June 22, 2009, Campbell informed petitioner that petitioner was on paid suspension while Campbell investigated water problems on Washington Pike and petitioner's arrest in Ohio on June 18, 2009.[1] The letter further stated that on June 24, Campbell told the water sewer board that petitioner's employment had been terminated as of June 25 "due to poor work performance and employee personal [sic] policy see b number 27." The City of Wellsburg Personnel Rules and Regulations in place at that time allowed the city manager to immediately discharge a supervisor for poor work performance. Section 4.01 of the regulations stated, "If during the course of the employee's service, he/she . . . does not satisfactorily perform his/her duties, the employee may be subject to disciplinary action up to and including termination." The regulations also provide that an employee who "does not satisfactorily perform his/her duties" may be discharged without pre-termination process. Section 4.02 of the regulations sets forth examples of misconduct sufficient to justify immediate discharge without warning. The Regulations provide for progressive discipline in some instances, with the progression ending at discharge.

---

[1]According to petitioner, he pled no contest to a misdemeanor charge of solicitation of prostitution related to this arrest.

1

Prior to his discharge, petitioner received notice of suspension through a telephone call and written notice. The facts developed through discovery demonstrated that petitioner knew that his employer was displeased with his job performance. Petitioner received years of progressive discipline, ending in his discharge. He had been reprimanded by each of the four city managers related to work hours and duties. Petitioner was repeatedly corrected, guided, instructed, admonished, and redirected for poor work performance. In October of 2008, petitioner was reprimanded for abusive language toward one of his supervisors, which the circuit court found was sufficient to result in immediate termination. Witnesses recounted poor work habits that each witness felt had long-since reached the level where discharge was not only appropriate, but necessary.

Following his termination, petitioner proceeded through two levels of the post-termination grievance process. Petitioner alleged before the circuit court that his discharge was politically motivated. Petitioner filed suit against respondent, and respondent filed a motion for summary judgment following discovery.[2] In its order granting summary judgment to respondent, the circuit court determined that the City of Wellsburg is not a governmental entity whose employees have due process rights as a matter of law, citing *Eaton v. City of Parkersburg*, 198 W.Va. 615, 617 n.2, 482 S.E.2d 232, 234 n.2 (1996). The circuit court addressed petitioner's assertions regarding unilateral and implied contracts, ultimately finding that petitioner had failed to demonstrate the existence of an employment contract based on the tenets of the regulations or otherwise. The circuit court went on to find that even if he had demonstrated the same, petitioner received the benefit of the disciplinary provisions, including years of progressive discipline and participation in the grievance process. The order also states that petitioner did not have tenure and was not covered by civil service. The circuit court further found that West Virginia law does not provide a cause of action for a politically motivated discharge as petitioner defines it.

The circuit court ultimately determined that judgment as a matter of law was appropriate because petitioner was discharged fairly and legally for poor work performance pursuant to the provisions of the Personnel Rules and Regulations. The circuit court entered the order granting summary judgment and a separate dismissal order on or about October 12, 2012. It is from these orders that petitioner appeals.

On appeal, petitioner asserts a single assignment of error with two parts: 1) whether there existed issues of material fact that should have precluded the grant of summary judgment; and 2) whether petitioner was deprived of his state constitutional right to a trial by jury by the circuit court's misapplication of the standards for consideration of summary judgment under the West Virginia Rules of Civil Procedure "and certain other incorrect conclusions of [l]aw."

---

[2]In May of 2011, petitioner brought suit against respondent, Wayne Campbell, and Randy Fletcher (city water-sewer board member who was not petitioner's supervisor at the time of his termination and respondent claims was not involved in petitioner's termination). The individual defendants were dismissed following oral argument on a motion to dismiss filed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In March of 2012, respondent filed a motion for declaratory judgment. That motion was denied by the circuit court.

"'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 4, *Arnold v. Palmer*, 224 W.Va. 495, 686 S.E.2d 725 (2009).

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). Moreover, "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242] at 252, 106 S.Ct. [2502] at 2512, 91 L.Ed.2d [202] at 214 [1986]." *Williams*, 194 W.Va. at 60, 459 S.E.2d at 337.

Both parts of petitioner's assignment of error relate to the application of our summary judgment standard. Petitioner argues that the circuit court made a factual determination that petitioner was discharged for poor work performance, despite the genuine issues of material fact surrounding this finding. He points to the evidence adduced that his termination was politically motivated and that Campbell used the opportunity of his temporary assignment as city manager to effectuate the termination in a public, humiliating way due to petitioner's arrest. Petitioner argues that he did not have poor work performance, as there was never a violation or citation by any state or federal regulatory agency while he was the supervisor of the water system. Petitioner concedes that *Adkins v. Miller*, 187 W.Va. 774, 421 S.E.2d 682 (1992), does not confer any right for continued employment to him. However, he contends that *Adkins* extends protection to government employees to be free from employment decisions made solely for political reasons. *Id.* at 780-81, 421 S.E.2d at 688-89. Petitioner is also critical of the letter from respondent terminating his employment and the grievance proceedings conducted by respondent.

Petitioner argues that in dismissing the case on summary judgment, the circuit court treated respondent's motion as a motion for directed verdict under Rule 50 of the West Virginia Rules of Civil Procedure. In doing so, petitioner contends that the circuit court made some material incorrect statements of law. He argues that this Court has recognized that in employment cases that involve an employer's motive or intent, summary judgment is generally inappropriate. *See Hanlon v. Chambers*, 195 W.Va. 99, 105-06, 464 S.E.2d 741, 747-48; *Dawson v. Allstate Ins. Co.*, 189 W.Va. 557, 561-62, 433 S.E.2d 268, 272-73 (1993). Petitioner also claims that the rules and regulations adopted by respondent create a legitimate claim of entitlement or a property right, and that issue is a question of fact for the jury.

Based upon our review of the facts of this matter and the record before this Court, we find that respondent presented a properly supported motion for summary judgment and petitioner failed to produce more than a scintilla of evidence sufficient for a jury to find in his favor. We also find there were no issues of material fact to be determined by a jury. The record includes

disciplinary actions against petitioner over a period of years, at least one of which the circuit court found was sufficient to justify immediate termination. Section 4.01 of respondent's regulations permits discharge without pre-termination process. Petitioner does not dispute the fact that he used inappropriate language toward another employee in or around September of 2008. He also does not deny that he was working for another city or town while he was scheduled to work for respondent, despite being told not to leave the City during his shift. While petitioner contends that he did not receive one of the letters from respondent related to his grievance, it is clear from the record that petitioner did receive grievance proceedings as requested. Further, it is clear from the record that petitioner was repeatedly corrected, guided, instructed, admonished, and redirected due to issues with his work for respondent. Thus, the summary judgment in favor of respondent is proper.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4