# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dianna M. Good and Deborah Priet (Tenant),**
**Defendants Below, Petitioners**

**vs)   No. 12-1398** (Berkeley County 12-C-AP-13)

**The Bank of New York, Mellon fka The Bank of New York,**
**as Trustee for the Certificate Holders of CWABS, Inc., Asset**
**Backed Certificates, Series 2007-1, Plaintiff Below, Respondent**

**FILED**

January 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Dianna M. Good and Deborah Priet, appearing *pro se*, appeal the order of the Circuit Court of Berkeley County, entered November 16, 2012, that ordered them to vacate residential property by midnight fifteen days after entry of the order. Respondent Bank of New York, Mellon ("Mellon"), by counsel Angela N. Watson, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 16, 2012, Mellon filed an unlawful detainer action in the Magistrate Court of Berkeley County against Petitioner Good and her tenant, Petitioner Priet, alleging that they continued to occupy real property located at 146 Painted Meadow Lane, Hedgesville, West Virginia, even though the property had been foreclosed. Mellon averred that it had been the highest bidder at a December 13, 2011 foreclosure sale and that a trustee's deed dated December 17, 2011, had vested it with the title to the property. Mellon noted that it had mailed a notice to quit to petitioners on May 30, 2012, but that they neither responded to the notice nor vacated the property. On July 13, 2012, the magistrate court granted Mellon possession of the property by August 1, 2012, at 4:00 p.m.

Petitioners appealed to the Circuit Court of Berkeley County and, thereafter, filed a motion to dismiss the unlawful detainer action and a motion for summary judgment. At a November 9, 2012 hearing on the matter, petitioners stated, *inter alia*, that "[Petitioner] Good did sign [the deed of trust], but [that the deed of trust] clearly states she had no liability for [the] debt."[1] The circuit

---

[1] Both Petitioner Good and Petitioner Priet attended the November 9, 2012 hearing, however, Petitioner Priet informed the circuit court of their arguments. Near the end of the hearing,

1

court took the matter under advisement and indicated that the parties would receive a decision by mail.

On November 16, 2012, the circuit court entered an order directing petitioners to vacate the property by midnight fifteen days after entry of the order. The circuit court determined that (1) as the record owner of the property, Mellon was entitled to possession; (2) Petitioner Priet did not have standing to challenge the December 13, 2011 foreclosure sale because she was not a party to the January 8, 2007 deed of trust;[2] and (3) if Petitioner Good desired to challenge the December 13, 2011 foreclosure sale, the proper procedure for doing so would be to file a separate action. Accordingly, the circuit court denied petitioners' motion to dismiss, denied petitioners' motion for summary judgment as moot, and rendered judgment in favor of Mellon.

Petitioners appealed to this Court on November 27, 2012, and asked the Court to stay the order pending appeal. On November 29, 2012, this Court refused the motion to stay. Similarly, on November 27, 2012, the circuit court denied a request from petitioners to stay its order pending appeal. Petitioner Good then filed a separate action to challenge the validity of the December 13, 2011 foreclosure sale. As part of that separate action, Petitioner Good sought an emergency injunction to prevent the sale of the property noting that she was seeking to "regain possession" and, as the true owner, did not want the property sold "at this time." On April 12, 2013, the circuit court denied the request for an injunction.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

On appeal, petitioners assert that no right existed to foreclose upon the property because (a) Petitioner Good did not sign the underlying note; and (b) Petitioner Good became the property's sole owner, through right of survivorship, at her husband's death. Mellon counters that while Petitioner Good is not personally liable for the loan because only her husband signed the

_____

counsel for Mellon objected that as a non-lawyer, Petitioner Priet could not argue on Petitioner Good's behalf. Petitioner Priet stated that she had a power of attorney—which is in the record—from Petitioner Good to make "legal statements" on Petitioner Good's behalf. The circuit court informed Petitioner Priet that while she may be authorized to speak on Petitioner Good's behalf, she could not "argue" for Petitioner Good. This Court notes that an agent, who is a non-lawyer, may not represent her principal in a court proceeding. *See* Syl. Pt. 3, *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W.Va. 762, 724 S.E.2d 733 (2012).

[2] As reflected in the May 30, 2012 notice to quit, as a tenant, Petitioner Priet had a right under the federal Protecting Tenants in Foreclosure Act of 2009 not to vacate the property for up to ninety days after the receipt of the notice provided that she could have shown that her status as a tenant was *bona fide*. *See* Pub. L. No. 111–22, Div. A, Title VII, § 702(a), 123 Stat. 1660, 1660–61 (2009).

promissory note, both Mr. Good and Petitioner Good signed the deed of trust.[3]

"A 'deed of trust' is a deed that conveys title to real property in trust as security until the grantor repays the loan. In the case of default of a debt secured by a deed of trust, the property becomes liable to sale under the power of sale conferred upon the trustee." Syl. Pt. 7, *Arnold v. Palmer*, 224 W.Va. 495, 686 S.E.2d 725 (2009). This Court finds that Syllabus Point Seven of *Arnold* controls the outcome of this case. In *Arnold*, the husband took out a loan and signed both a promissory note and a deed of trust. 224 W.Va. at 499, 686 S.E.2d at 729. The wife did not sign the note, but did sign the deed of trust. *Id.* The deed of trust informed any "co-signer" who did not execute the promissory note that she was not personally liable for the loan, but was "convey[ing] the co-signer's interest in the Property under the terms of [the deed of trust]." 224 W.Va. at 503-04, 686 S.E.2d at 733-34. The deed of trust in the case at bar contained the same language. In *Arnold*, after the husband died and the wife became sole owner through survivorship, this Court concluded that the bank could foreclose on the deed of trust even though the wife did not sign the promissory note. 224 W.Va. at 504, 686 S.E.2d at 734. Therefore, the Court finds that Mellon was able to foreclose on the property at 146 Painted Meadow Lane even though Petitioner Good became sole owner, through survivorship, at her husband's death. Accordingly, this Court finds that the circuit court did not abuse its discretion in granting judgment and possession of the property to Mellon.[4]

For the foregoing reasons, we affirm.

---

[3] Petitioners make inconsistent statements as to whether they also argue that Petitioner Good's signature on the deed of trust is fraudulent. This Court notes that (1) "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[; and (2)] Judges are not like pigs, hunting for truffles buried in briefs." *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 766, 656 S.E.2d 789, 795 (2007) (Internal quotations and citations omitted.). Because the Court cannot determine what petitioners specifically allege, the Court finds that petitioners have waived any argument that the signature on the deed of trust is fraudulent.

[4] This Court will briefly address two procedure issues raised by petitioners. First, petitioners note that the circuit court's November 16, 2012 order contains certain errors. However, this Court agrees with Mellon that the mistakes constitute mere scrivener's errors that do not affect the validity of the order. Second, petitioners complain that the circuit court gave them less time to vacate the property than did the magistrate court. This Court determines that petitioners' complaint is devoid of merit because the magistrate court's judgment was no longer relevant once petitioners appealed to the circuit court. *See* Syl. Pt. 2, *Elkins v. Michael,* 65 W.Va. 503, 64 S.E. 619 (1909) ("An appeal from a [magistrate court's] judgment vacates and annuls the judgment."). This Court finds that all other issues raised by petitioners are capable of being litigated in the action Petitioner Good has now filed challenging the validity of the December 13, 2011, foreclosure sale. Hence, those "other" issues are not addressed herein. *See Ratino v. Hart*, 188 W.Va. 408, 412 n. 8, 424 S.E.2d 753, 757 n. 8 (1992) (unlawful detainer action determines nothing more than right of possession).

Affirmed.

**ISSUED:**   January 24, 2014

**CONCURRED IN**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II