IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2014 Term

_____

No. 13-0960

_____

FILED

May 27, 2014

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

ROSS STANLEY,
Petitioner Below, Petitioner

v.

CAROLYN HAYNES STANLEY,
Respondent Below, Respondent

_____

Appeal from the Circuit Court of Greenbrier County
The Honorable Joseph C. Pomponio, Jr., Judge
Civil Action No. 12-D-65

REVERSED

_____

Submitted: May 6, 2014
Filed: May 27, 2014

Martha J. Fleshman, Esq.
Fleshman Law Office
Lewisburg, West Virginia
Counsel for the Petitioner

J. Michael Anderson, Esq.
Rainelle, West Virginia
Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.       W.Va. Code § 43-1-2(b) [1992] requires any married person who conveys an interest in real estate to notify his or her spouse within thirty days of the time of the conveyance if the conveyance involves an interest in real estate to which dower *would have attached* if the conveyance had been made before dower was abolished in 1992.

2.       Under W.Va. Code § 43-1-2(d) [1992], when a married person fails to comply with the notice requirement contained in W.Va. Code § 43-1-2(b) [1992], then in the event of a subsequent divorce within five years of the conveyance, the value of the real estate conveyed, as determined at the time of the conveyance, shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution.

Justice Ketchum:

Petitioner Ross Stanley ("petitioner husband") appeals the July 30, 2013, order of the Circuit Court of Greenbrier County that reversed the April 19, 2013, order of the Family Court of Greenbrier County. Respondent Carolyn Haynes Stanley ("respondent wife") conveyed real estate to her adult children without providing notice to petitioner husband during the pendency of their divorce. The family court ruled that under W.Va. Code § 43-1-2 [1992], the value of the real estate that respondent wife conveyed to her children without notice to petitioner husband would be included in the calculation of marital property for equitable distribution purposes. Respondent wife appealed the family court's order to the circuit court, arguing that W.Va. Code § 43-1-2 was not applicable to the present case.

The circuit court agreed with respondent wife and reversed the family court's order. The circuit court ruled that the family court abused its discretion and that it lacked jurisdiction over the "matters relating to West Virginia Code § 43-1-1 et seq."

After review, we find that the family court correctly determined that petitioner husband was entitled to statutory notice of the real estate conveyance under the plain language of W.Va. Code § 43-1-2(b). Further, the family court applied the proper remedy, set forth in W. Va. Code § 43-1-2(d), for a violation of this notice provision. We therefore reverse the circuit court's order and reinstate the April 19, 2013, order of the family court.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner husband and respondent wife were married on July 3, 1997. At the time of their marriage, respondent wife owned twenty-seven acres of real estate ("subject property" or "property") subject to a trust deed. After the marriage, petitioner husband received a settlement from the Veteran's Administration and contributed approximately $30,000.00 to respondent wife to pay off the outstanding debt on the trust deed. In addition to this payment, petitioner husband contends that he made numerous improvements and additions to the property. Petitioner husband states that he "provided regular maintenance and necessary care to the marital home; built three additional buildings on the subject real estate (including a wraparound porch); [and] built and maintained multiple fence lines."

When the marriage deteriorated, petitioner husband proposed a settlement agreement whereby he would move out of the marital home on the property and make no claim on the property if respondent wife would reimburse him for the $30,000.00 trust deed payment and for the costs of the improvements he made to the property. Petitioner husband states that respondent wife initially agreed to these terms but ultimately did not accept them. Petitioner husband subsequently filed for divorce.

A bifurcated divorce was granted on July 12, 2012, and a final hearing on equitable distribution was scheduled for September 19, 2012. While preparing for the equitable distribution hearing, petitioner husband's lawyer discovered a deed dated

2

October 18, 2011, wherein respondent wife conveyed the subject property to her five adult children and retained a life estate for herself. This conveyance was made as a gift to her children. It is undisputed that respondent wife made this conveyance without giving notice to petitioner husband.[1] Further, the conveyance was made after petitioner husband and respondent wife had begun settlement discussions regarding petitioner husband's reimbursement for the monies he contributed to pay off the trust deed and for the improvements he had made to the property.

At the family court's September 19, 2012, equitable distribution hearing, petitioner husband argued that respondent wife's conveyance of the subject property violated W.Va. Code § 43-1-2(b), which states:

> (b) Any married person who conveys an interest in real estate shall notify his or her spouse prior to or within thirty days of the time of the conveyance if the conveyance involves an interest in real estate to which dower *would have attached* if the conveyance had been made prior to the date of enactment of this statute.

(Emphasis added). Petitioner husband asserted that the remedy for a violation of W.Va. Code § 43-1-2(b) is contained in W.Va. Code § 43-1-2(d), which provides:

> (d) When a married person fails to comply with the notification requirements of this section, then in the event of a subsequent divorce within five years of said conveyance, the

---

[1] Petitioner husband alleges that respondent wife requested that the deed be mailed to one of her adult children, instead of to the marital home, to prevent him from discovering the conveyance.

3

value of the real estate conveyed, as determined at the time of the conveyance, shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution or awards of support, notwithstanding that any consideration for said interest in the real estate may already be included in the marital property.

Based on this statute, petitioner husband argued that the value of the subject property should be included in the calculation of the marital property for equitable distribution purposes. The family court agreed and entered an order on April 19, 2013, ruling that respondent wife's conveyance of the property to her children without notice to petitioner husband was a violation of W.Va. Code § 43-1-2(b). The family court applied the remedy contained in W.Va. Code § 43-1-2(d) and ordered that "the value of the real estate, at the time of the conveyance, owned by respondent [wife] and conveyed to her children will be included in the marital estate."

Respondent wife appealed the family court's order to the circuit court. The circuit court reversed the family court's order, concluding that:

W.Va. Code § 42-3-1 was not enacted for the purpose of the division of separate property. The petitioner [husband] does not have dower or curtesy rights in the Respondent's [wife's] separate property. The rights of dower and curtesy were abolished five years before the parties were married and the Family Court is without jurisdiction to act regarding this statute. The Family Court's application of the law to the facts is an abuse of discretion.

The circuit court's order reversing the family court relied upon an inheritance statute, W.Va. Code § 42-3-1 [1995]. This statute was not raised by the family court or discussed, briefed or argued by either of the parties. It is unclear why the

4

circuit court *sua sponte* discussed and relied upon an inheritance statute.[2] This inheritance statute has no application to the present case – an equitable distribution dispute in a divorce action in which neither party is deceased.[3]

After entry of the circuit court's July 30, 2013, order, petitioner husband filed the present appeal.

---

[2] At first glance, it may appear that the circuit court simply transposed the numbers of the notice statute (W.Va. Code § 43-1-2) applied by the family court, with the inheritance statute it cited (W.Va. Code § 42-3-1). However, the circuit court specifically discussed the substance of the inheritance statute in its order. See note 3, *infra*.

[3] The circuit court's order states, "W.Va. Code § 42-3-1 was created as an inheritance mechanism for [sic] spouse whose decedent died domiciled in this state not for the purpose of equitable distribution of separate property." While this finding may be a correct statement of law, it has no application to the present case. W.Va. Code § 42-3-1(a) states, in relevant part:

> (a) The surviving spouse of a decedent who dies domiciled in this state has a right of election, against either the will or the intestate share, under the limitations and conditions stated in this part, to take the elective-share percentage of the augmented estate, determined by the length of time the spouse and the decedent were married to each other, in accordance with the following schedule[.]

For a detailed discussion of the elective share provision contained in W.Va. Code § 42-3-1, see *Mongold v. Mayle*, 192 W.Va. 353, 452 S.E.2d 444 (1994).

5

## II.

## STANDARD OF REVIEW

Petitioner husband appeals the circuit court's order that reversed the family court's order. With regard to this Court's standard of review, Syllabus Point 1 of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004), states:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Because this case involves the family court's application of the law to the facts, we will review the family court's order for an abuse of discretion. This Court has explained that "[u]nder the abuse of discretion standard, we will not disturb a [family] court's decision unless the [family] court makes a clear error of judgment or exceeds the bound of permissible choices in the circumstances." *Wells v. Key Communications, L.L.C.*, 226 W.Va. 547, 551, 703 S.E.2d 518, 522 (2010) (citation omitted). Further, this Court has stated that "an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the [family] court makes a serious mistake in weighing them." *Shafer v. Kings Tire Service, Inc.*, 215 W.Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). Finally, we have indicated that "a [family] court necessarily abuses its discretion if it bases its ruling on an erroneous assessment of the

evidence or an erroneous view of the law." *Beto v. Stewart*, 213 W.Va. 355, 359-360, 582

S.E.2d 802, 806-807 (2003) (citation omitted). With the foregoing in mind, we proceed to

consider the parties' arguments.

**III.**

**ANALYSIS**

This case requires us to examine W.Va. Code § 43-1-2. By way of

background, we note that "[t]his statute was part of the abolition of dower and revision to

the laws of intestate succession by the Legislature in 1992." *Rosier v. Rosier*, 227 W.Va.

88, 105, 705 S.E.2d 595, 612 (2010). A thorough explanation of the abolition of dower

and the enactment of W.Va. § 43-1-2 is set forth in John W. Fisher, II's ("Dean Fisher")

enlightening law review article entitled *Statutory Reform Revisited: Toward a*

*Comprehensive Understanding of the New Law of Intestate Succession and Elective*

*Share*, 96 W.Va. L. Rev. 85 (1993).[4] Dean Fisher, quoting *Minor on Real Property*, 1

Raleigh C. Minor, *The Law of Real Property* § 248 (Frederick D. G. Ribble ed., 2d ed.

1928), explains dower as follows:

---

[4] Dean Fisher was a member of an advisory committee that worked on the abolition of dower and the revision to the laws of intestate succession. Dean Fisher explained that "[a]s the reporter for the Advisory Committee of the West Virginia Law Institute, which worked on this project, I was fortunate to gain an insight into certain aspects of HB 4112 not generally available." *Id.* 96 W.Va. L. Rev. at 88.

Where a woman marries a man lawfully seised at any time during the coverture of an estate of inheritance, such as that the issue of the marriage (if any) may by possibility inherit it as heirs to the husband, and the husband dies, the wife surviving, as tenant in dower, is entitled to have one-third thereof assigned her for life as a prolongation of the husband's estate annexed by law.

96 W.Va. L. Rev. at 90. "The statutory form of dower in West Virginia[5] was essentially common law dower expanded to include dower in equitably owned property and equally applicable to both husband and wife." 96 W.Va. L. Rev. at 91.[6]

Dean Fisher's article describes the concerns raised by members of the Advisory Committee of the West Virginia Law Institute when the abolition of dower was proposed:

---

[5] Prior to its abolition, the "statutory form of dower" was contained in W.Va. Code § 43-1-1. It provided:

A surviving spouse shall be endowed of one third of all the real estate whereof the deceased spouse, or any other to his or her use, or in trust for him or her, was, at any time during the coverture, seised of or entitled to an estate of inheritance, either in possession, reversion, remainder, or otherwise, unless the right of such surviving spouse to such dower shall have been lawfully barred or relinquished.

[6] Dean Fisher explained that curtesy existed in West Virginia until 1931. "[C]urtesy was the surviving husband's rights to his deceased wife's real estate." 96 W.Va. L. Rev. at 90. Curtesy was completely abolished in West Virginia in 1931 and "parity between surviving spouses was achieved by giving the husband 'dower' rights equal to those of a widow." *Id*. at 91.

It was not the at-death "benefits" of dower the objectors wished to preserve, but rather the marital leverage it provided. These members of the Advisory Committee were concerned that if dower were abolished it would make it easier for a title holder of real property to sell the property in anticipation of divorce and "hide" the replacement asset from his or her spouse. . . .

In order to get the support of the entire advisory group on this issue, it became important to find a solution that retained the benefit discussed above without a corresponding detriment. . . . The first component of the solution was to abolish dower on June 5, 1992, the effective date of HB 4112. The important role that dower had played in marital situations in which there was a possibility of a divorce, namely, *notification to the non-title holding spouse of a conveyance of real estate, was preserved in the provision of section 43-1-2*.

96 W.Va. L. Rev. at 92-93 (emphasis added). Dean Fisher's article makes it abundantly clear that the emphasis of W.Va. Code § 43-1-2 is on the non-title holding spouse receiving notice when a title holding spouse conveys real estate:

The emphasis of the statute is on "notice" to the non-title holding spouse and not on the non-title holding spouse's consent to the transfer. Notification to the non-title holding spouse, therefore, must be "prior to or within thirty days of the time of the conveyance." Notice will comply with the statute if it is given before the conveyance, at the time of the conveyance, or within thirty days after the conveyance.

96 W.Va. L. Rev. at 94.[7] With this background in mind, we proceed to consider the present dispute.

---

[7] W.Va. Code § 43-1-2(c) addresses the type of notice that will satisfy the statutory requirement. It states:

(continued . . .)

9

Petitioner husband argues that the plain language of W.Va. Code § 43-1-2(b) requires a title holding spouse to give notice to the non-title holding spouse prior to or within thirty days of the conveyance of property if dower *would have* attached if the conveyance was made before dower was abolished in 1992. Petitioner husband states that it is undisputed that dower *would have* attached if respondent wife's conveyance of the subject property had been made before dower was abolished in 1992. Therefore, petitioner husband states that he was entitled to notice of the conveyance under the plain language of W.Va. Code § 43-1-2(b). Because respondent wife failed to provide this notice to him, petitioner husband argues that he is entitled to the remedy set forth in W.Va. Code § 43-1-2(d) – to have the value of the property included in the calculation of marital property for equitable distribution purposes.

By contrast, respondent wife argues that W.Va. Code § 43-1-2(b) does not apply to the instant case because petitioner husband does not have an *actual* dower interest in the property. Respondent wife asserts that "clearly, this code section, which

(c) A person making a conveyance described in the previous sections shall have the burden of proof to show compliance with this section. Such burden shall be met either by:

(1) The signature of the spouse of the conveying party on the conveyance instrument; or

(2) Such other forms of competent evidence as are admissible in a court of general jurisdiction in this state under the rules of evidence.

10

was enacted in 1992, does not apply to a marriage which occurred five years later in 1997 due to the fact that dower and curtesy were abolished in 1992." To be clear, respondent wife does not dispute that petitioner husband *would have* had a dower interest in the subject property if the conveyance was made before dower was abolished in 1992. Rather, respondent wife argues that because petitioner husband does not have an *actual* dower interest in the property, W.Va. Code § 43-1-2(b) does not apply. Further, respondent wife states that applying the remedy contained in W.Va. Code § 43-1-2(d) – to have the value of the subject property included in the calculation of marital property for equitable distribution purposes – would result in a windfall to petitioner husband. Respondent wife states, "certainly, the Legislature did not intend to give Petitioner a windfall by lack of notice."

Our resolution of this issue begins with a review of our rules of statutory construction. This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); and Syllabus Point 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision

11

which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

Additionally, this Court has held that "[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Sizemore v. State Farm Gen. Ins. Co.*, 202 W.Va. 591, 596, 505 S.E.2d 654, 659 (1998) (internal quotations and citation omitted). With these rules of statutory construction in mind, we turn to W.Va. Code § 43-1-2(b).

After review, we agree with petitioner husband and find that his interpretation of W.Va. Code § 43-1-2(b) is consistent with the plain language of the statute, with Dean Fisher's law review article, and with this Court's discussion of the statute in *Rosier v. Rosier*, *supra*. The plain language of W.Va. Code § 43-1-2(b) states that a title holding spouse who conveys any interest in real estate shall notify his or her spouse if the conveyance involves an interest in real estate "to which dower *would have attached* if the conveyance had been made prior to the date of enactment of this statute." The plain language of the statute lends no support to respondent wife's argument that notice is only required when dower *actually has attached*.[8]

---

[8] The plain language of W.Va. Code § 43-1-2(b) is also at odds with respondent wife's suggestion that the statute does not apply prospectively, i.e., she states that the
(continued . . .)

Additionally, Dean Fisher's law review article states that notice to a non-title holding spouse of a conveyance of real estate was preserved in in W.Va. Code § 43-1-2: "The important role that dower had played in marital situations in which there was a possibility of a divorce, namely, *notification to the non-title holding spouse of a conveyance of real estate, was preserved in the provision of section 43-1-2*." 96 W.Va. L. Rev. at 93 (emphasis added).

Further, this Court addressed the purpose of W.Va. Code § 43-1-2 in *Rosier* and stated that notice to the non-title holding spouse is required when dower *would have attached*. The Court stated:

> This statute requires any married person who conveys an interest in real estate to notify his or her spouse prior to or within thirty days of the time of the conveyance if the conveyance involves an interest in real estate to which dower *would have attached* if the conveyance had been made prior to the date of enactment of this statute. . . . *The intent of the notice provision was to make certain that transfers of real estate holdings solely in one spouse's name were known to the other spouse.*

*Rosier*, 227 W.Va. at 104-105, 705 S.E.2d at 611-612 (emphasis added).

---

statute does not apply because she and petitioner husband were married in 1997 and dower was abolished in 1992. This Court has previously held, "[t]he presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect." Syllabus Point 4, *Taylor v. State Compensation Commissioner*, 140 W.Va. 572, 86 S.E.2d 114 (1955). W.Va. Code § 43-1-2(b) does not contain clear, strong, and imperative words that rebut the presumption that it operates prospectively.

Based on all of the foregoing, we hold that W.Va. Code § 43-1-2(b) requires any married person who conveys an interest in real estate to notify his or her spouse within thirty days of the time of the conveyance if the conveyance involves an interest in real estate to which dower *would have attached* if the conveyance had been made before dower was abolished in 1992. W.Va. Code § 43-1-2(b) does not require that dower *actually attach* in order to trigger the notice requirement contained in the statute.

Having determined that respondent wife was required to provide notice of the conveyance to petitioner husband under the plain language of W.Va. Code § 43-1-2(b), we next examine the remedy for failing to provide such notice. This remedy is contained in W.Va. Code § 43-1-2(d) which provides:

> (d) When a married person fails to comply with the notification requirements of this section, then in the event of a subsequent divorce within five years of said conveyance, the value of the real estate conveyed, as determined at the time of the conveyance, shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution or awards of support, notwithstanding that any consideration for said interest in the real estate may already be included in the marital property.[9]

---

[9] W.Va. Code § 43-1-2(e) states:

> (e) Nothing in this section shall be construed to create a lien or claim against the interest in real estate conveyed in violations of this provision.

14

This Court addressed W.Va. Code § 43-1-2(d) in *Rosier*, stating "[t]he statutory language is clear that a remedy for violations of the statute [W.Va. Code § 43-1-2(b)] is only available for divorced or divorcing persons." 227 W.Va. at 105, 705 S.E.2d at 612. Based on *Rosier* and on the plain language of the statute, we hold that under W.Va. Code § 43-1-2(d), when a married person fails to comply with the notice requirement contained in W.Va. Code § 43-1-2(b), then in the event of a subsequent divorce within five years of the conveyance, the value of the real estate conveyed, as determined at the time of the conveyance, shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution.

In the present case, the parties were in the process of getting divorced when respondent wife conveyed the subject property to her children without providing notice to petitioner husband in violation of W.Va. Code § 43-1-2(b). We therefore conclude that the family court correctly determined that W.Va. Code § 43-1-2(d) applies and properly ordered that: "The value of the real estate, at the time of the conveyance, owned by respondent [wife] and conveyed to her children will be included in the marital estate."

Finally, we find no support for respondent wife's argument that "the Legislature did not intend to give Petitioner a windfall by lack of notice." W.Va. Code § 43-1-2(d) provides a clear, unequivocal remedy that "shall" be applied when "a married person fails to comply with the notification requirements" contained in W.Va. Code § 43-1-2(b). "'[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.'" *Martin v. Randolph County Bd. of Educ.*, 195

15

W.Va. 297, 312, 465 S.E.2d 399, 414 (1995), *quoting Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149 (1992). Based on the plain, unambiguous language contained in W.Va. Code § 43-1-2(d), we conclude that the remedy contained in the statute means "what it says."

## IV.

## CONCLUSION

For the reasons set forth, we reverse the circuit court's July 30, 2013, order and reinstate the April 19, 2013, order of the family court.

Reversed.