**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**September 2019 Term**

_____

No. 18-0875
_____

**Raymond H.**
**Respondent Below, Petitioner**

**v.**

**Cammie H.,**
**Petitioner Below, Respondent**

_____

**Appeal from the Circuit Court of Mercer County**
**The Honorable William J. Sadler, Judge**
**Civil Action No. 15-D-24**

**REVERSED, IN PART; AFFIRMED, IN PART, AND REMANDED**
_____

**Submitted: November 6, 2019**
**Filed: November 19, 2019**

Anthony R. Veneri, Esq.                    Debra Kilgore, Esq.
Veneri Law Offices                         Burton & Kilgore, PLLC
Princeton, West Virginia                   Princeton, West Virginia
Counsel for Petitioner                     Counsel for Respondent

**JUSTICE WORKMAN delivered the Opinion of the Court.**

**FILED**
**November 19, 2019**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SYLLABUS BY THE COURT**

1.      "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1*, Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.      "When endeavoring to construe the meaning of an ambiguous statute, we must be mindful that [t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975).

3.      Under West Virginia Code § 43-1-2, where a spouse conveys a security interest in his or her separate real property by deed of trust and fails to give notice of the conveyance to the non-title holding spouse within thirty days of the transaction, then in the event of a subsequent divorce within five years of the conveyance, said separate real property shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution or awards of support, and assigned a value equal to its fair market value, net of debt, at the time of the conveyance.

**WORKMAN, JUSTICE:**

In this divorce proceeding we are called upon to determine the standard for valuation of real property, where said property was acquired by the respondent wife prior to the parties' marriage but is included in the marital estate for purposes of equitable distribution by operation of W. Va. Code § 43-1-2(a) – (e). The family court judge initially concluded that the fair market value of the wife's separate property was attributable as a marital asset because during the marriage and within five years prior to divorce, she refinanced existing debt and incurred new debt, executing deeds of trusts secured by the properties, without giving notice to petitioner husband of these transactions prior to or within thirty days thereof. On appeal, the circuit court affirmed, in part, and reversed, in part, concluding that while the wife's separate party was properly included in the marital estate, "[a] deed of trust grants rights to the mortgagee only up to the value of the secured interest, no more," and thus, the value of the real estate conveyed by a deed of trust "is not the total market value of the property but only the value of the security interest."

On remand, the family court recalculated equitable distribution pursuant to the circuit court's directive, with the result that the three properties subject to equitable distribution were valued at $450,000.00, the combined value of the notes secured by the deeds of trust, rather than $800,500.00, the combined fair market value of the properties. The family court's order was affirmed on appeal by the circuit court. It is from this order

1

that the husband now appeals.  The wife cross-appeals on the factual issue of whether she gave notice to the husband prior to or within thirty days of the transactions.

After careful review of the appendix record, the parties' briefs and oral arguments, and the applicable law, we reverse, in part, and affirm, in part, and remand with directions.

## I.  Facts and Procedural Background

Petitioner Raymond H. ("the husband") and Cammie H. ("the wife")[1] were married on June 3, 2006, and separated on January 8, 2015.  On January 9, 2015, the wife filed a petition for divorce, and on April 9, 2015, the family court entered a bifurcated divorce order, divorcing the parties but reserving financial issues for future proceedings. The relevant facts underlying the financial issues are as follows.  Prior to the marriage, the wife acquired two pieces of real estate: the "Green Valley" property, purchased on September 22, 2003, and the "Shenandoah Estates" property, purchased on August 2, 2004. The Green Valley property was a business property which the wife used for operation of her daycare business, Imagination Station, while the Shenandoah Estates property was a

---

[1] Because this case involves sensitive matters, we follow our longstanding practice of using initials to refer to the parties.  *See, e.g., State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

residential property which ultimately became the parties' marital home.[2]  The parties agree that both Shenandoah Estates and Green Valley would be classified as the wife's separate property but for the application of the statute at issue in this case, W. Va. Code § 43-1-2(a) to -(e).

On May 5, 2011, while the parties were married, the wife purchased a third parcel of real estate, the "Lyndale Avenue" property, for $15,000.00.  The property is titled in wife's name only, and she made improvements thereto in order to establish another daycare business, Creation Station, at the location. The parties agree that the Lyndale Avenue property is, and has always been, marital property.

On June 15, 2012, during the marriage and within five years of the parties' eventual divorce, the wife borrowed $200,000.00 from MCNB Bank.  The funds borrowed were used to refinance the debt then owing on the Shenandoah Estates property and to provide approximately $39,000.00 to build an in-ground pool thereon.  The $200,000.00 note was secured by a deed of trust which conveyed all of the Shenandoah Estates property to a trustee "IN TRUST FOREVER to secure the payment of the Note which is payable to the order of Lender, the beneficial owner of said Note…."  The husband was not a party to the transaction and did not sign the deed of trust, and the family court found as a fact, after

---

[2] The parties dispute what percentage of improvement to the Shenandoah Estates property was completed after the marriage, with the husband claiming 25% and the wife claiming 1%.  In light of our resolution of this case, *see* text *infra*, this issue is moot.

hearing all the evidence, that the wife did not notify him of the conveyance prior to or within thirty days thereof. At the time of the parties' separation, the balance owing on the note was $151,810.38.

On May 9, 2013, again during the marriage and within five years of the parties' divorce, the wife borrowed $250,000.00 from MCNB Bank. With this money, wife refinanced the debt then owing on the Green Valley property; refinanced the debt then owing for improvements made on the Lyndale Avenue property; paid off a note secured by other separate property owned by wife,[3] and borrowed additional money to make improvements to the Green Valley property. The $250,000.00 note was secured by a deed of trust conveying both the Green Valley and Lyndale Avenue properties to the trustee in language identical to that cited in the Shenandoah Estates refinancing transaction. Again, the husband was not a party to the transaction and did not sign the deed of trust, and again, the family court found as a fact that the wife did not notify him of the conveyance prior to or within thirty days thereof. At the time of the parties' separation, the balance owing on the note was $220,093.00.

During the course of the parties' divorce proceedings, the family court found as a fact that at the time of execution of the June 15, 2012, deed of trust, the fair market value of the Shenandoah Estates property was $370,500.00, and that at the time of

---

[3] This property is not at issue in this case.

4

execution of the May 9, 2013 deed of trust, the fair market value of the Green Valley property was $325,000.00 and the fair market value of the Lyndale Avenue property was $105,000.00. The parties do not dispute these valuations.

In its initial order of June 15, 2017, the family court found as a fact that the wife had not carried her burden of proof to show that she gave notice to petitioner husband of either of the above transactions prior to or within 30 days thereof, as required by W. Va. Code § 43-1-2(b) & (c). The court then held as a matter of law that the transactions were "conveyances" of the Shenandoah and Green Valley properties pursuant to W. Va. Code § 43-1-2(a); and that accordingly, the "value of the real estate conveyed, as determined at the time of the conveyance, shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution," W. Va. Code § 43-1-2(d). Finally, the court held that the value of the real estate conveyed was the fair market value of the properties, reasoning that "[t]he wife did not convey only a percentage of each property or its value, but conveyed *all* of the property in trust as collateral for the loans." (Emphasis in original)

On appeal, the circuit court reversed solely on one ground:[4] that the family court abused its discretion in determining the value of the real estate conveyed by the deeds of trust. The circuit court concluded that,

---

[4] The circuit court held that the family court's finding of fact on the issue of notice was not clearly erroneous, and agreed that as a result, the wife's separate property was to

5

> The value of interest that *conveyed* real estate is not the total market value of the property but only the value of the security interest. A deed of trust grants rights to the mortgagee only up to the value of the security interest, no more. Under this statute, only the value of the real estate *conveyed* should have been included in the marital property of the parties.

(Emphasis in original.)

On August 7, 2018, the family court issued its "Order on Remand," setting the value of all three properties, whose fair market value together totaled $800,500.00, as the amount of the two notes secured by the two deeds of trust, which together totaled $450,000.00. The family court again found as a fact that the wife did not give notice to the husband of the deed of trust conveyances. On appeal, the circuit court affirmed, and this appeal and cross-appeal followed.

## II. Standard of Review

We have held that "in reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." *Stanley v. Stanley*, 233 W. Va. 505, 507, 759 S.E.2d

---

be treated as marital property for purposes of equitable distribution pursuant to W. Va. Code § 43-1-2(d).

452, 454 (2014) (citing Syl. Pt. 1, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004)).  In this latter regard, determining the meaning of language contained in W. Va. Code § 43-1-2(d) "presents a pure question of law.  Therefore, this court's review is *de novo*.  'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)." *Davis Mem. Hosp. v. State Tax Comm'r*, 222 W. Va. 677, 681, 671 S.E.2d 682, 686 (2008).

### III. Discussion

### I.

Since this case presents an issue of statutory construction, we begin with the text of the statute at issue, W. Va. Code § 43-1-2, **Notice of Conveyance**.

(a) For purposes of this section, 'conveyance' means a dispositive act intended to create a property interest in land and includes the creation of a security interest in real estate.

(b) Any married person who conveys an interest in real estate shall notify his or her spouse prior to or within thirty days of the time of the conveyance if the conveyance involves an interest in real estate to which dower would have attached if the conveyance had been made prior to the date of enactment of this statute.

(c) A person making a conveyance described in the previous sections shall have the burden of proof to show compliance with this section.  Such burden shall be met either by:

(1) The signature of the spouse of the conveying party on the conveyance instrument; or

(2) Such other forms of competent evidence as are admissible in a court of general jurisdiction in this state under the rules of evidence.

7

(d) When a married person fails to comply with the notification requirements of this section, then in the event of a subsequent divorce within five years of said conveyance, the value of the real estate conveyed, as determined at the time of the conveyance, shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution or awards of support, notwithstanding that any consideration for said interest in the real estate may already be included in the marital property.

(e) Nothing in this section shall be construed to create a lien or claim against the interest in real estate conveyed in violation of this provision.

With respect to subsection (a) of the statute, the eminent West Virginia property scholar John W. Fisher, II, notes that,

> the statute specifically makes the creation of a security interest in real estate a conveyance for the purpose of the statute. Therefore, if a title holding spouse borrows money and uses real estate as security, the non-title holding spouse must be given notice. In other words, a scoundrel title holding spouse cannot avoid the notification requirement by a loan transaction as opposed to a sale.

John W. Fisher, II, *Statutory Reform Revisited: Toward a Comprehensive Understanding of the New Law of Intestate Succession and Elective Share*, 96 W. Va. L. Rev. 85, 94 (1993). In the instant case, the parties agree that the wife's execution of the deeds of trust constituted a conveyance within the meaning of W. Va. Code § 42-1-2(a).

With respect to subsection (b) of the statute, in *Stanley v. Stanley*, 233 W. Va. 505, 509, 759 S.E.2d 452, 456 (2014), this Court traced the statute's history as set forth in the above-cited law review article. Of particular relevance to the instant case, Dean

8

Fisher explained the concerns raised when the abolition of statutory dower, W. Va. Code § 43-1-1, was proposed:

> It was not the at-death 'benefits' of dower the objectors wished to preserve, but rather the marital leverage it provided. These members of the Advisory Committee [of the West Virginia Law Institute] were concerned that if dower were abolished it would make it easier for a title holder of real property to sell the property in anticipation of divorce and 'hide' the replacement asset from his or her spouse …
> In order to get the support of the entire advisory group on this issue, it became important to find a solution that retained the benefit discussed above without a corresponding detriment …
> The important role that dower had played in marital situations in which there was a possibility of divorce, namely, *notification to the non-title holding spouse of a conveyance of real estate, was preserved in the provision of section 43-1-2.*

(Emphasis in original); *see also Rosier v. Rosier*, 227 W. Va. 88, 105, 705 S.E.2d 595, 612 (2010) ("Prior to the effective date of this statute, a surviving spouse had an interest in his or her spouse's real estate holdings to the extent that he or she would be granted a lifetime interest in one-third of the holdings upon the spouse's death. The intent of the notice provision was to make certain that transfers of real estate holdings solely in one spouse's name were known to the other spouse."). In the instant case, the parties agree that the properties at issue were those to which dower would have attached, and that the wife was therefore required to give notice prior to or within thirty days of the conveyances.

With respect to subsection (c) of the statute, the parties agree that the wife has the burden of proof to show her compliance with the notice requirement of subsection (b), but disagree factually as to whether the wife carried the burden. The family court

9

found as a fact that she had not, and the circuit court held that this finding was not clearly erroneous. This is the issue raised on cross-appeal by the wife; *see* Section II, *infra*.

With respect to subsection (d) of the statute, and specifically the statutory language "the value of the real estate conveyed, as determined at the time of the conveyance," the family court initially construed "the value of the real estate conveyed" to mean the fair market value of the real estate at the time the wife conveyed a security interest therein by deed of trust, while the circuit court construed the words to mean the amount of the security interest conveyed by the deed of trust, "nothing more."[5] A reasonable argument can be made for both constructions of the statutory language, and we conclude

_____

[5] In this latter regard, this Court has held that "a 'deed of trust' is a deed that conveys title to real property in trust as security until the grantor repays the loan. This type of deed resembles a mortgage." *Arnold v. Palmer*, 224 W. Va. 495, 502, 686 S.E.2d 725, 733 (2009) (citation and footnote omitted). Respondent wife argues that under West Virginia law, a deed of trust is not a conveyance of property because "a trust creditor has no estate in, or right of possession to, the trust property by virtue of the deed of trust. He has merely a chose in action secured by the trust, which may be enforced only be sale of the property." *Id.* at 502-03, 686 S.E.2d at 732-33. *See also* Syl. Pt. 2, in part, *Souders v. Leatherbury*, 97 W. Va. 31 (1924) ("Creditors secured by deed of trust on the debtor's property are purchasers for value to the extent of their debts secured.") The problem with this statement is that it is correct but immaterial, as the issue in this case is not whether a deed of trust is a conveyance of property to the trust creditor; in that regard, since before the founding of this State and up to the present day, it has been the law that "[n]o estate of inheritance or freehold, or for a term of more than five years, in lands … shall be created or conveyed unless by deed or will." W. Va. Code § 36-1-1. Rather, the issue herein is whether a deed of trust falls within the definition of a "conveyance" as set forth in W. Va. Code § 43-1-2(a): "a dispositive act intended to create a property interest in land and includes the creation of a security interest in real estate." As noted earlier, the parties agree that a deed of trust is such a conveyance.

that "[i]n this case, the parties' dueling, but reasonable, interpretations are indicative of the statute's ambiguity." *United Services Automobile Ass'n. v. Lucas*, 233 W. Va. 68, 73, 754 S.E.2d 754, 759 (2014). Which construction of the statutory language is correct, if either, is an issue of first impression for this Court.

We have held that "courts may not find ambiguity in statutory language which laymen are readily able to comprehend, nor is it permissible to create an obscurity or uncertainty in a statute by reading in an additional word of words." *Dunlap v. Friedman's, Inc.*, 213 W. Va. 394, 398, 582 S.E.2d 841, 845 (2003). We have further explained that "a statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning." *Davis Mem. Hosp. v. State Tax Com'r*, 222 W. Va. 677, 682-83, 671 S.E.2d 682, 687-88 (2008) (citing *Sizemore v. State Farm Gen. Ins. Co.*, 202 W. Va. 591, 596, 505 S.E.2d 654, 659 (1998)); *see also United Services Automobile Ass'n v. Lucas*, 233 W. Va. 68, 72, 754 S.E.2d 754, 758 (2014) ("[a] statute is ambiguous when the statute's language connotes 'doubtfulness, doubleness of meaning or indistinctness or uncertainty of an expression'") (internal citation omitted). In this case, the ambiguity arises because W. Va. Code § 43-1-2(a) specifically includes "the creation of a security interest" in the definition of "a dispositive act intended to create a property interest in land," while the "value of the real estate conveyed" language contained in the

11

remedy section of the statute, W. Va. Code § 43-1-2(d), seems to describe a fee simple conveyance.

We begin our analysis with the well-established principle that when endeavoring to construe the meaning of an ambiguous statute, we must be mindful that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Comp. Com'r,* 159 W. Va. 108, 219 S.E.2d 361 (1975); *see also* Syl. Pt. 1, *Ohio County Com'n v. Manchin*, 171 W. Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretative inquiry is to ascertain the legislative intent."). In this case, thanks to the scholarly analysis of Dean Fisher, we have specific information as to the intent behind the enactment of W. Va. Code § 43-1-2: "Dean Fisher's article makes it abundantly clear that the emphasis of [the statute] is on the non-title holding spouse receiving notice when a title holding spouse conveys real estate…," *Stanley,* 233 W. Va. at 509, 759 S.E.2d at 456, in order to preserve the benefit of "[t]he important role that dower had played in marital situations in which there was a possibility of a divorce." *Id.* at 510, 759 S.E.2d at 457. Further, and of significance to our analysis, "[i]n order to get the support of the entire advisory group on this issue [the abolition of dower], it became important to find a solution that retained the benefit discussed above *without a corresponding detriment.*" (Emphasis supplied.) With this framework in mind, we now consider the lower courts' dueling interpretations, which have been adopted by the respective parties in this appeal.

The circuit court determined that when a deed of trust is given on property to secure a loan, "the value of the real estate conveyed" under W. Va. Code § 43-1-2(d) is the amount of the security interest, i.e., the loan. There are multiple problems with this construction of the statutory language. First and foremost, the court's construction totally negates the beneficial purpose of subsection (d) of the statute, since the value of the title-holding spouse's real estate under this construction, the amount of the loan minus the principal amount of the loan still outstanding, will be far less than the fair market value of the property, net of debt; as a result, the transmutation of the title-holding spouse's separate property adds a negligible benefit, if any, to the other spouse's share of equitable distribution. Further, the circuit court's construction of the statutory language not only fails to give any benefit to the non-title holding spouse, as the Legislature intended, but also effects a significant detriment, since he or she loses the benefit of any debt reduction and/or appreciation of the spouse's separate real estate during the marriage. The facts of the instant case illustrate this point. Had the Shenandoah Estates and Green Valley properties been treated as separate property, the husband's share of equitable distribution would have included principal reduction on the loans during the 8 ½ years of the marriage, as well as any increased value to the properties due to marital efforts and expenditures. Additionally, he would have been entitled to one half of the fair market value of the Lyndale Avenue property at the time of separation. In short, the husband would have received substantially more in the equitable distribution of the parties' property if the wife's separate properties had not been transmuted into marital properties pursuant to the statute.

13

Second, adopting the logic of the circuit court, that a deed of trust conveys only "a chose in action secured by the trust, which may be enforced only by sale of the property…," *Arnold,* 224 W. Va. at 502-03, 686 S.E.2d at 732-33 (emphasis supplied), then a literal reading of the language of W. Va. Code § 43-1-2(d) would suggest that the value of the real estate *conveyed* is zero. The circuit court attempted to solve this dilemma by finding a middle ground: that the value of the real estate conveyed isn't zero, but rather is the amount of the loan secured by the deed of trust. The court cited no precedents from this Court, or from any other court, holding that the value of real property is the amount of its encumbrance, "no more," and this Court declines to adopt such a rule.

Third, the circuit court's construction of W. Va. Code § 43-1-2(d) requires that in any case involving a conveyance by deed of trust, the statutory language of subsection (d) must be rewritten to substitute "the value of the security interest conveyed" for "the value of the real estate conveyed." This violates our longstanding rule of statutory construction that "[i]t is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Assoc. Press v. Canterbury*, 224 W. Va. 708, 713, 688 S.E.2d 317, 322 (2004) (quoting *Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996)).

14

Fourth, the circuit court's construction renders the security interest language in subsection (a) a superfluity: defining a conveyance as including a security interest in subsection (a) serves absolutely no purpose if the conveyance thereof is treated differently under subsection (d). We have held that "[i]t is always presumed that the legislature will not enact a meaningless or useless statute." Syl. Pt. 4, *State ex rel. Hardesty v. Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars of the United States, 147 W. Va. 645, 129 S.E.2d 921 (1963). See also Foster Foundation v. Gainer*, 228 W. Va. 99, 109, 717 S.E.2d 883, 893 (2011) ("This Court refuses to afford a statute an illogical construction.")

In summary, the circuit court's construction of the language at issue in W. Va. Code § 43-1-2(d) is totally inconsistent with the intent of the Legislature, inconsistent with established principles of statutory construction, and not supported by logic, Although the family court's approach has a certain round hole/square peg feel, since the "conveyance" described in W. Va. Code § 43-1-2(a) & (d) does not fall neatly within the analytical framework of our property law cases,[6] we find that "taken in its entirety, [it] is grammatically and logically plausible. It is not strained and it is reasonable." *Brooks v. City of Weirton*, 202 W. Va. 246, 257, 503 S.E.2d 814, 825 (1998). Indeed, it is the only

---

[6] As noted previously, a literal reading of the language of W. Va. Code §43-1-2(d) would suggest that the value of the real estate *conveyed* is zero, since a deed of trust conveys only "a chose in action secured by the trust, which may be enforced only be sale of the property." *Arnold*, 224 W. Va. at 502-03, 686 S.E.2d at 732-33. This literal reading would do violence to the intent of the Legislature and nullify a significant portion of the language contained in subsection (a).

construction of the language found in subsection (b), "the value of the real estate conveyed," that does not nullify the specific provision in subsection (a), that a conveyance "includes the creation of a security interest in real estate." Further, it is the only construction of the language that is faithful to the intent of the Legislature, specifically, that "a spouse cannot avoid the notification requirement by a loan transaction as opposed to a sale."

Accordingly, we hold that under the provisions of West Virginia Code § 43-1-2(a) – (e), where a spouse conveys a security interest in his or her separate real property by deed of trust and fails to give notice of the conveyance to the non-title holding spouse within thirty days of the transaction, then in the event of a subsequent divorce within five years of the conveyance, said separate real property shall be deemed a part of the conveyancer's marital property for purposes of determining equitable distribution or awards of support, and assigned a value equal to its fair market value, net of debt, at the time of the conveyance. We therefore remand this case to the Circuit Court of Mercer County, West Virginia, for remand to the Family Court of Mercer County for a recalculation of equitable support as follows: The wife's assets shall include the Shenandoah property, valued at $370,500.00, the Green Valley property, valued at $325,000.00, and the Lyndale Avenue property, valued at $105,000.00; the wife's debts shall include the Shenandoah mortgage, $151,810.38 at time of separation, and the Green Valley/Lyndale mortgage, $220,093.00 at time of separation. All other calculations shall remain unchanged.

16

**II.**

In her cross-appeal, the wife alleges that she gave notice of the Shenandoah Estates and Green Valley transactions to the husband prior to or within thirty days thereof, and that family court's factual finding to the contrary, affirmed on appeal by the circuit court, is clearly erroneous. In this regard, we have held that,

> [a] finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. Pt. 4, in part, *In re L.M.*, 235 W. Va. 436, 774 S.E.2d 517 (2015) (citing Syl. Pt. 1, *In the Interest of Tiffany Marie S*., 196 W. Va. 223, 470 S.E.2d 177 (1996)).

This issue requires little discussion. In her brief and at oral argument, the wife marshalled the evidence which supports her position, including evidence that she told the husband she was going to refinance, that the paperwork was left in areas of the home to which the husband had easy access, and that the husband worked in banking. Additionally, the wife recounted evidence which, if accepted as true, tended to impeach the husband's testimony that he didn't know anything about the transactions until he visited the county record room during the course of the proceedings. Most if not all of this evidence, even if accepted as true, may be relevant to whether the husband should have

17

known of, or might have learned of, the loans and deeds of trusts; however, none of it proves that the wife *notified* him of the transactions prior to or within thirty days thereof, which is what is required under W. Va. Code § 43-1-2(b).

In both the initial and final orders issued by the family court, the court exhaustively detailed the parties' evidence on the issue of notice, finding in relevant part that (1) prior to visiting the Office of the County Clerk with his attorney, the husband did not know that the deeds of trust existed; (2) the wife testified during the final hearing that she did not discuss the deeds of trust with her husband;[7] (3) the wife testified in deposition that she could not remember any discussions with the husband about refinancing; (4) the wife never established that she gave the husband notice of the conveyances; (5) the reliability of the wife's testimony was suspect on the notice issue, because "if the wife could not remember obtaining a $65,000.00 loan in July 2014 or signing a deed of trust regarding the same, how could she remember discussing 'refinancing' and deeds of trust for the older loans?; (6) the fact that husband saw an appraiser at the marital residence does not prove knowledge about the new deed of trust on the property; and (7) the husband's

---

[7] Q: How about with regard to the refinancing? We've got all of the Deeds of Trust. Did you do all that on your own?

A: I did.

Q: Can you even remember discussing any of this with him?

A: No.

18

testimony and evidence established that he learned about the refinancing after the parties' separation, which was long after the thirty day statutory window for notice.

Our review of the appendix record, and our review of the family court's discussion of the relevant evidence on the notice issue (occupying seventeen pages of the court's opinion), demonstrates that the "court's account of the evidence is plausible in light of the record viewed in its entirety," Syl. Pt. 4, in part, *In re L.M.,* and was therefore properly affirmed by the circuit court.

## IV. Conclusion

Accordingly, the decision of the Circuit Court of Mercer County is reversed, in part, affirmed, in part, and remanded for further proceedings consistent with this opinion.

Reversed, in part; affirmed, in part, and remanded.